# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

ALLEN H. HENKEL,

        Plaintiff,

v.                                                          Case No. 11-CV-303

TOWN OF BROOKFIELD POLICE DEPARTMENT,
TOWN OF BROOKFIELD, ANTHONY BERTRAM,
CAPTAIN IMLER, and JOHN DOE,

        Defendants.

## ORDER

The plaintiff, who is incarcerated at the Stanley Correctional Institution, filed a *pro se* civil rights complaint under 42 U.S.C. § 1983, alleging that his civil rights were violated. He has paid the full filing fee.

Regardless of the plaintiff's fee status, the court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Hutchinson ex rel. Baker v. Spink*, 126 F.3d 895, 900 (7th Cir.

1997). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. "Malicious," although sometimes treated as a synonym for "frivolous," "is more usefully construed as intended to harass." *Lindell v. McCallum*, 352 F.3d 1107, 1109-10 (7th Cir. 2003) (citations omitted).

To state a cognizable claim under the federal notice pleading system, the plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). It is not necessary for the plaintiff to plead specific facts and his statement need only "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). However, a complaint that offers "labels and conclusions" or "formulaic recitation of the elements of a cause of action will not do." *Ashcroft v. Iqbal*, ___ U.S. ___, 129 S. Ct. 1937, 1949 (2009) (quoting *Twombly*, 550 U.S. at 555). To state a claim, a complaint must contain sufficient factual matter, accepted as true, "that is plausible on its face." *Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). The complaint allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citation omitted).

In considering whether a complaint states a claim, courts should follow the principles set forth in *Twombly* by first, "identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, 129 S. Ct. at 1950. Legal conclusions must be supported by factual allegations. *Id.* If there are well-pleaded factual allegations, the court must, second, "assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.*

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that: 1) he was deprived of a right secured by the Constitution or laws of the United States; and 2) the deprivation was visited upon him by a person or persons acting under color of state law. *Buchanan-Moore v. County of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009) (citing *Kramer v. Vill. of North Fond du Lac*, 384 F.3d 856, 861 (7th Cir. 2004)); *see also Gomez v. Toledo*, 446 U.S. 635, 640 (1980). The court is obliged to give the plaintiff's pro se allegations, "however inartfully pleaded," a liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

The plaintiff alleges that on March 26, 2009, Wisconsin Department of Corrections agent Patrick Richards (not a defendant) conducted a search of his Greenfield, Wisconsin, residence along with defendant Anthony Bertram, a detective with the Town of Brookfield Police Department. At the conclusion of the search, Detective Bertram seized a large amount of the plaintiff's personal property, valued at approximately $45,000.00. Bertram inventoried the property, as shown on the

Town of Brookfield Police Department Property Receipt. (Complaint, Attachments A1 through A5.) As a result of the search, the plaintiff's supervision was revoked, and he was returned to prison.

Following the search, the plaintiff attempted to secure the return of his personal property. His brother repeatedly contacted the Town of Brookfield Police Department to arrange for the return of the property, and Detective Bertram and defendant Captain Imler repeatedly informed him that the property would be returned. However, the property was not produced. As a result, the plaintiff's brother hired Attorney Christopher Donovan and between February 17, 2010, through June 7, 2010, Attorney Donovan made seventeen telephone calls to Captain Imler regarding the return of the plaintiff's property.

On April 11, 2010, the plaintiff filed a Motion for the Return of Property, pursuant to Wis. Stat. § 968.20. The Waukesha County Circuit Court responded to Henkel's motion by asserting that it did not have jurisdiction, because charges had not been filed and there was no criminal case number assigned to the matter.

On June 13, 2010, the plaintiff wrote a letter to the Waukesha County District Attorney regarding the return of his property. On July 23, 2010, Assistant District Attorney Lesli Boese responded, stating: "Because we do not have any cases pending, you need to contact the Town of Brookfield Police Department directly to request your property be returned."

As of the date of this complaint, no criminal charges have been filed against the plaintiff regarding any of the seized property, and the District Attorney's Office has stated that no charges will be filed. There was never any due process forfeiture hearing conducted regarding any of the seized property. The plaintiff has never relinquished his ownership rights to any of the seized property. He filed a Notice of Claim, pursuant to Wis. Stat. § 893.80. On November 4, 2010, the plaintiff was informed by Town Clerk Jane F. Carlson that the Town Board of the Town of Brookfield denied his claim in October 2010.

For relief, the plaintiff seeks the return of all property items listed on the inventory, with the exception of items numbered 11, 12, 19A, 22A, 22B, and 22C; compensatory damages; punitive damages; costs; and any additional relief to which he is entitled.

The plaintiff's allegations implicate his rights under the Fourth Amendment to the United States Constitution. *See Quint v. Vill. of Deerfield*, 365 Fed. Appx. 697, 701 (7th Cir. 2010) (unpublished opinion) (citing *United States v. Place*, 462 U.S. 696, 701 (1983); *United States v. James*, 571 F.3d 707, 713 (7th Cir. 2009)). He may, therefore, proceed on a Fourth Amendment claim against defendants Anthony Bertram and Captain Imler. The plaintiff will need to identify the John Doe defendants, and he may use discovery to do so.

However, the plaintiff may not proceed against defendant Town of Brookfield Police Department because a police department is not a suable entity under § 1983.

*Best v. City of Portland*, 554 F.3d 698 (7th Cir. 2009) (citing *Chan v. Wodnicki*, 123 F.3d 1005, 1007 (7th Cir. 1997)). The plaintiff may also not proceed against the Town of Brookfield because he has not identified a policy or practice that caused the illegal search. *See Justice v. Town of Cicero*, 577 F.3d 768, 773 (7th Cir. 2009).

**IT IS THEREFORE ORDERED** that defendants Town of Brookfield Police Department and Town of Brookfield be and the same are hereby **DISMISSED**.

**IT IS FURTHER ORDERED** that the plaintiff serve upon each named defendant a copy of the complaint, a waiver of service form, and/or summons, and a copy of this order.

**IT IS ALSO ORDERED** that the defendants shall file a responsive pleading to the complaint.

**IT IS ALSO ORDERED** that copies of this order be sent to the warden of the institution where the inmate is confined and to Corey F. Finkelmeyer, Assistant Attorney General, Wisconsin Department of Justice, P.O. Box 7857, Madison, Wisconsin, 53707-7857.

**IT IS FURTHER ORDERED** that the plaintiff shall submit all correspondence and legal material to:

> Honorable J.P. Stadtmueller
> % Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 362 United States Courthouse
> 517 E. Wisconsin Avenue
> Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the matter.

The plaintiff is hereby notified that he is required to send a copy of every paper or document filed with the court to the opposing parties or their attorney(s). Fed. R. Civ. P. 5(a). The plaintiff should also retain a personal copy of each document. If the plaintiff does not have access to a photocopy machine, he may send out identical handwritten or typed copies of any documents. The court may disregard any papers or documents which do not indicate that a copy has been sent to each defendant or to their attorney(s).

The plaintiff is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute.

In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Milwaukee, Wisconsin, this 16th day of May, 2011.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge